972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dennis J. RANDLE, SR., Appellant,
v.
Anthony M. FRANK, Postmaster General, Appellee.
 No. 92-1784.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 12, 1992.
Filed: August 20, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis J. Randle, Sr. appeals from the District Court's[1] grant of summary judgment to the Postmaster General in Randle's Title VII action alleging race and sex discrimination in employment and retaliation for protected activities. We affirm.
 
 
 2
 Randle, a black male, was hired by the United States Postal Service (Service) in 1974 and resigned in 1980. In 1986, Randle's request for reinstatement was denied on the basis of a poor prior work record. Randle filed an Equal Employment Opportunity (EEO) complaint with the Service. In its final agency decision, the Service found no discrimination. Randle subsequently filed this action.
 
 
 3
 We conclude that Randle failed to establish a prima facie case that the Service discriminated against him on the basis of race or sex. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (listing the elements of a prima facie case in a Title VII action). Randle's prior work record-which included instances of insubordination, unsatisfactory performance reviews, and excessive absenteeism-indicates that he was not qualified for reinstatement. Further, Randle did not submit any evidence which supported his conclusory allegations of discrimination, and records of reinstatements at the location where he worked during the relevant period reflect that other blacks, males, and black males were reinstated.
 
 
 4
 We also conclude that Randle failed to establish a prima facie case of retaliation. See Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir. 1980), cert. denied, 450 U.S. 979 (1981). Randle failed to allege any facts from which it reasonably might be concluded that there was a causal link between another EEO complaint he had filed in 1976 and the denial of reinstatement ten years later.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri